# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2010

No. 09-10969
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO HINOJOSA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-51-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eduardo Hinojosa was charged by indictment with possession of stolen mail, in violation of 18 U.S.C. § 1708. After his motion to suppress was denied, he entered a conditional guilty plea, reserving his right to appeal the officers' reasonable suspicion to stop the vehicle Hinojosa was driving and the Fourth Amendment issues surrounding the officers' probable cause to search the vehicle. Hinojosa received a sentence of 46 months in prison, to be followed by a three-year term of supervised release, and he was ordered to pay restitution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Hinojosa asserts that the district court erred in denying his motion to suppress without holding an evidentiary hearing to resolve disputed factual issues. The Government contends that this issue was not preserved by Hinojosa's conditional plea. We need not resolve at this time whether Hinojosa's claim was waived by his guilty plea, as his claim is meritless.

An evidentiary hearing is required on a motion to suppress "only when necessary to receive evidence on an issue of fact." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). "General or conclusory assertions" are insufficient to warrant a hearing. *Id.* This court reviews a district court's failure to hold an evidentiary hearing on a motion to suppress for abuse of discretion. *Id.*

Hinojosa contends that the court should have held a hearing to resolve disputed issues of fact regarding the officers' reasonable suspicion to stop the truck that he was driving. The district court rejected his challenge to the stop, concluding that the witness's description of the color and type of vehicle involved, combined with the fact that the officers encountered a vehicle matching that description within blocks of the crime scene and shortly after the witness provided her information, was sufficient to establish reasonable suspicion. *See United States v. Hall*, 557 F.2d 1114, 1115-17 (5th Cir. 1977); *see United States v. Jones*, 234 F.3d 234, 239 (5th Cir. 2000) (permitting a limited search and seizure if "there is a reasonable and articulable suspicion that a person has committed or is about to commit a crime"). The factual "discrepancies" alleged by Hinojosa, to the extent that they exist, do not call into question the bases relied upon by the district court in its ruling, and thus it was not necessary for the court to hold a hearing on those claims. *See Harrelson*, 705 F.2d at 737. Although Hinojosa contends that the district court relied upon assumptions made by the Government that were unsupported by the police reports, the record belies this claim.

2

With respect to the search of the vehicle, Hinojosa maintains that the district court should have held an evidentiary hearing to resolve factual issues showing that the search was improper pursuant to *Arizona v. Gant*, 129 S. Ct. 1710, 1719 (2009). The district court determined that the factors establishing reasonable suspicion for the stop, combined with the officers' visual confirmation that one of the truck's occupants matched the description of the suspect provided by the witness and the location of mail in plain view throughout the truck, provided probable cause for the officers to believe that they would find evidence of a crime. *See United States v. Saucedo-Munoz*, 307 F.3d 344, 351 (5th Cir. 2002) (identifying the automobile exception to the warrant requirement). In *Gant*, the Supreme Court set forth limitations on an officer's ability to conduct a warrantless search of a vehicle pursuant to arrest. 129 S. Ct. at 1719. The Court did not hold that other exceptions to the warrant requirement were affected. *Id*. at 1723-24. Because the officers' search of Hinojosa's vehicle was not made pursuant to arrest, *Gant* was inapplicable. Thus, it was not necessary for the district court to hold a hearing to resolve issues arising under *Gant* before ruling on the motion to suppress. *See Harrelson*, 705 F.2d at 737. Because Hinojosa has not shown that the district court abused its discretion in not holding an evidentiary hearing, the judgment of that court is AFFIRMED. *See id*.