**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 27, 2011

Lyle W. Cayce
Clerk

No. 10-10099
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRELL LAMAR MILAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-95-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Terrell Lamar Milan appeals following his guilty plea conviction for being a felon in possession of a firearm. Milan reserved the right to appeal the denial of his motion to suppress the firearm, which was found hidden in the dashboard of his vehicle, behind the light switch panel on the driver's side. Milan argues that contrary to the district court's finding that the search was based on probable cause, the search of his vehicle was a search incident to arrest and,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further, that the search was unconstitutional under *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710 (2009).

The Government argues that Milan has raised a new argument on appeal and that the issue is thus either waived, or reviewed for plain error only. Although we note that Milan's counsel arguably raised his current arguments at the evidentiary hearing, we decline to resolve this issue because, as discussed more fully below, Milan's arguments are premised on a failed assertion that the search was incident to arrest rather than probable cause.

When reviewing the denial of a motion to suppress, this court reviews the district court's factual findings for clear error, viewing the evidence in the light most favorable to the Government. *United States v. Charles*, 469 F.3d 402, 405 (5th Cir. 2006). The district court's conclusions of law are reviewed de novo. *Id* To the extent that the denial of the motion is denied based on live oral testimony, the clearly erroneous standard is "particularly strong" because the district court had the opportunity to observe the demeanor of the witnesses. *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005).

A search incident to arrest is an exception to the warrant requirement set forth in the Fourth Amendment. *See United States v. Curtis*, 635 F.3d 704, 711 (5th Cir.), *petition for cert. filed*, (Jun. 6, 2011) (No. 10-10931). In *Gant*, 129 S. Ct. at 1719, the Supreme Court limited the scope of a search of a vehicle incident to an occupant's arrest. However, the search of a vehicle based on probable cause is an exception to the warrant requirement that is distinct from the incident to arrest exception. *See United States v. Saucedo-Munoz*, 307 F.3d 344, 351 (5th Cir. 2002); *see also United States v. Hinojosa*, 392 F. App'x 260, 261-62 (5th Cir. 2010) (noting that because the search at issue was made based on probable cause and not pursuant to arrest "*Gant* was inapplicable."); *United States v. Polanco*, 634 F.3d 39, 42 (1st Cir. 2011) (concluding that *Gant* did not "scrap" the automobile exception); *United States v. Aguilera*, 625 F.3d 482, 485–86 (8th Cir. 2010) (declining to reach whether search was appropriate

"incident to arrest" because officers had probable cause to search the vehicle).

Milan has not shown that the district court clearly erred in concluding that the search was based on probable cause rather than incident to arrest. Accordingly, we do not address Milan's argument that the search was invalid under *Gant*, or his argument regarding the inevitable discovery rule. *See Charles,* 469 F.3d at 405 (noting that the court may affirm the denial of a motion to suppress on any basis supported by the record).

AFFIRMED.